UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN STRAUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 17 CV 5382 |
| v. ) | |
| ) | |
| WINDOW WORKS, INC., a corporation, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

COMES NOW Plaintiff John Straus ("Plaintiff" or "Straus"), by and through his undersigned attorneys, and for his Complaint against Defendant Window Works, Inc., a corporation ("Defendant" or "Window Works"), states as follows:

**NATURE OF CLAIMS**

1. Plaintiff brings this individual action to challenge Defendant's violations of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). This case is filed to recover unpaid wages for overtime work performed for which Plaintiff was not compensated.

2. Due to Defendant's wage violations, Plaintiff was deprived of overtime wages in violation of the FLSA and the IMWL.

**THE PARTIES**

3. Plaintiff John Straus resides and is domiciled in this judicial district. Plaintiff's consent to become a party plaintiff is attached as Exhibit A to this Complaint.

4. Defendant Window Works, an Illinois corporation, is in the business of selling and repairing home fixtures, including windows and doors. The company's headquarters are located at 570 E. North Frontage Road, Bolingbrook, IL 60440.

1

5. At all material times hereto, Defendant was the "employer" of Plaintiff as defined in the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 Ill. Comp. Stat. 105/3(c).

6. At all times relevant to this action, Defendant was engaged in commerce and/or the production of goods for commerce and/or Defendant was engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a). Specifically, Defendant purchases a large portion of its inventory from out-of-state manufacturers, including manufacturers located in Ohio, Indiana, and Pennsylvania.

7. Defendant's annual gross sales volume was in excess of $500,000 per each year since at least 2014.

8. At all material times hereto, Plaintiff was employed by Defendant as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/3(d).

**JURISDICTION AND VENUE**

9. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that the Defendant is located in this Judicial District and a significant part of the conduct that gives rise to this claim occurred within the Northern District of Illinois.

**FACTUAL BACKGROUND**

12. Plaintiff began working for Defendant on June 21, 2014 as a warehouse technician. His job duties included loading and unloading trucks, filling and preparing customer orders for

pick-up, maintenance and cleaning of the warehouse premises, assisting installers, among other job duties.

13. He initially worked for the company at a warehouse located at Bensenville, IL.

14. Approximately 5 months after he started working for the Plaintiff, he was transferred to work at Defendant's warehouse located at Addison, IL. Plaintiff worked at this warehouse for the remainder of his employment with Defendant.

15. During Plaintiff's employment with Defendant, he was compensated $1,000 per week.

16. Defendant scheduled Plaintiff to work the same hours throughout his employment with Defendant. He was scheduled to work Monday through Friday, from 6:00 a.m. to 3:30 p.m., with a thirty-minute lunch break. He was also scheduled to work on Saturdays from 6:00 p.m. to 10:00 p.m.

17. Plaintiff worked approximately 49 hours per week during his employment for Defendant.

18. Defendant classified Plaintiff as an exempt employee under the FLSA and IMWL.

19. Defendant took no efforts to track Plaintiff's hours worked. For example, the company did not ask or require Plaintiff to keep track of his hours or punch in or out on a time clock.

20. Defendant did not compensate Plaintiff time-and-a-half his regular rate of pay for all hours over 40 in a given week.

**COUNT I**
**Fair Labor Standards Act – Overtime Wages**
**(Individual Action under 29 U.S.C. § 216(b))**

21. Plaintiff realleges and incorporates by reference all paragraphs contained within

pick-up, maintenance and cleaning of the warehouse premises, assisting installers, among other job duties.

13. He initially worked for the company at a warehouse located at Bensenville, IL.

14. Approximately 5 months after he started working for the Plaintiff, he was transferred to work at Defendant's warehouse located at Addison, IL. Plaintiff worked at this warehouse for the remainder of his employment with Defendant.

15. During Plaintiff's employment with Defendant, he was compensated $1,000 per week.

16. Defendant scheduled Plaintiff to work the same hours throughout his employment with Defendant. He was scheduled to work Monday through Friday, from 6:00 a.m. to 3:30 p.m., with a thirty-minute lunch break. He was also scheduled to work on Saturdays from 6:00 p.m. to 10:00 p.m.

17. Plaintiff worked approximately 49 hours per week during his employment for Defendant.

18. Defendant classified Plaintiff as an exempt employee under the FLSA and IMWL.

19. Defendant took no efforts to track Plaintiff's hours worked. For example, the company did not ask or require Plaintiff to keep track of his hours or punch in or out on a time clock.

20. Defendant did not compensate Plaintiff time-and-a-half his regular rate of pay for all hours over 40 in a given week.

**COUNT I**
**Fair Labor Standards Act – Overtime Wages**
**(Individual Action under 29 U.S.C. § 216(b))**

21. Plaintiff realleges and incorporates by reference all paragraphs contained within

pick-up, maintenance and cleaning of the warehouse premises, assisting installers, among other job duties.

13. He initially worked for the company at a warehouse located at Bensenville, IL.

14. Approximately 5 months after he started working for the Plaintiff, he was transferred to work at Defendant's warehouse located at Addison, IL. Plaintiff worked at this warehouse for the remainder of his employment with Defendant.

15. During Plaintiff's employment with Defendant, he was compensated $1,000 per week.

16. Defendant scheduled Plaintiff to work the same hours throughout his employment with Defendant. He was scheduled to work Monday through Friday, from 6:00 a.m. to 3:30 p.m., with a thirty-minute lunch break. He was also scheduled to work on Saturdays from 6:00 p.m. to 10:00 p.m.

17. Plaintiff worked approximately 49 hours per week during his employment for Defendant.

18. Defendant classified Plaintiff as an exempt employee under the FLSA and IMWL.

19. Defendant took no efforts to track Plaintiff's hours worked. For example, the company did not ask or require Plaintiff to keep track of his hours or punch in or out on a time clock.

20. Defendant did not compensate Plaintiff time-and-a-half his regular rate of pay for all hours over 40 in a given week.

**COUNT I**
**Fair Labor Standards Act – Overtime Wages**
**(Individual Action under 29 U.S.C. § 216(b))**

21. Plaintiff realleges and incorporates by reference all paragraphs contained within

this Complaint, as if fully set forth herein.

22. At all relevant times, Defendant has been, and continue to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

23. At all relevant times, Defendant has employed, and continues to employ, "employee[s]," including the Plaintiff, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

24. During the 3 years immediately preceding the filing of this Complaint, Defendant failed to pay overtime wages to Plaintiff for all time worked in excess of forty (40) hours in individual work weeks in violation of the FLSA, 29 U.S.C. § 201.

25. For example, during the week beginning January 17, 2016, Plaintiff worked approximately 49 hours for Defendant. During the week beginning May 14, 2017, Plaintiff worked approximately 49 hours for Defendant. He was paid $1,000 both of these weeks. Plaintiff was not compensated for hours over 40, and was not paid a rate of one and one-half times his regular rate of pay for all hours worked over forty in these weeks and all other weeks he worked over 40 hours.

26. In the alternative, if Plaintiff's weekly $1,000 salary was intended to pay for 49 hours of work, he is owed half time for all hours worked over 40 per week.

27. At all relevant times, Defendant engaged in a willful policy, pattern, or practice of requiring or permitting Plaintiff to be employed by Defendant, and failed to pay the necessary compensation to Plaintiff.

28. Plaintiff makes a claim for all "Compensable Time" including all work suffered or permitted by employer, including all work allowed to occur or Defendant failed to prevent.

29. Plaintiff's unpaid work performed was known to employer and/or which the

employer, through reasonable diligence, could have discovered and prevented, even if not authorized.

30. At all relevant times, the work performed by Plaintiff as for service to Defendant and were required or permitted by Defendant, for the benefit of Defendant, directly related to such employee's principal employment with Defendant, and as an integral and indispensable part of such employees' employment of Defendant.

31. As a result of the Defendant's willful failure to record or compensate Plaintiff, employed by Defendant's for all hours worked, Defendant has violated, and continues to violate, the records hours provision of the FLSA.

32. As a result of the Defendant's willful failure to record, report, credit, and/or compensate its employees employed at Defendant, including Plaintiff, Defendant has failed to make, keep, and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

33. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper

34. Plaintiff seeks recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff prays for a judgement against Defendant as follows:

a. Payment of unpaid overtime wages and liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

5

  b. An injunction requiring Defendant to pay all statutorily required wages pursuant to federal law;

  c. Attorneys' fees and costs of this litigation; and

  d. Such other relief as this Court shall deem just and proper.

## COUNT II
### Illinois Minimum Wage Law – Overtime Wages

35. Plaintiff realleges and incorporates by reference all paragraphs contained within this Complaint, as if fully set forth herein.

36. Defendant failed to compensate Plaintiff at the overtime rate for all hours worked in excess of forty (40) per work week in violation of IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*

37. Defendant willfully failed to pay overtime wages due to Plaintiff.

38. Plaintiff seeks all overtime and other wages due, liquidated damages, statutory damages, prejudgment interest and any other damages due.

WHEREFORE, Plaintiff prays for a judgement against Defendant as follows:

  a. Payment of unpaid overtime wages and a penalty in the amount of 2% of the amount of the unpaid overtime for each month the wages remain unpaid;

  b. An injunction requiring Defendant to pay all statutorily required wages pursuant to Illinois law;

  c. Attorneys' fees and costs of this litigation; and

  d. Such other relief as this Court shall deem just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually requests the following:

1. That the Court find the Defendant's violations of the FLSA and IMWL were willful;

2. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the IMWL.

3. Restitution for all minimum wages, overtime payments, and compensation that are due to Plaintiff;

4. Restitution for all other benefits due to Plaintiff to which he was entitled as an employee;

5. Attorney's fees and costs; and

6. Any other relief to which the Plaintiff may be entitled.

**DEMAND FOR JURY TRIAL**

Dated: July 21, 2017                                  Respecfully submitted,

                                                     John Straus

                                              By:    /s/ John C. Ireland
                                                     One of his attorneys

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
T: 630-464-9675
F: 630-206-0889
Attorneyireland@gmail.com
Attorney Number 6283137

Quinton Osborne
Osborne Employment Law LLC
799 Roosevelt Road, Suite 3-201
Glen Ellyn, IL 60137
T: 331-702-1538
F: 331-465-0450
Quinton@OsborneEmploymentLaw.com
Attorney Number 6319417